# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JONATHAN KORSAH**, | |
| Plaintiff, | |
| v. | Case No. 1:20-cv-03580 (TNM) |
| **UNITED STATES OF AMERICA**, | |
| Defendant. | |

## MEMORANDUM ORDER

Jonathan Korsah was a passenger in a vehicle that fled a federal officer in the District of Columbia. The chase ended in Virginia, where the vehicle travelled against traffic on a major highway and collided with another car. Korsah sues the United States claiming that the officer was negligent in his pursuit. The United States moves to dismiss for lack of subject-matter jurisdiction. It invokes an exception to the Federal Tort Claims Act ("FTCA") that preserves sovereign immunity for challenges to federal officials' discretionary functions. For the below reasons, the Court will deny the motion.

### I.

In the early morning hours, Officer Clayton Wood-Thomas—a member of the U.S. Secret Service's Uniformed Division—tried to stop a car for a purported traffic violation in the District of Columbia. *See* Am. Compl. ¶¶ 6–7, ECF No. 10. Korsah was a passenger in that car. *Id.* ¶ 4. Officer Wood-Thomas turned on his emergency equipment and then started to pursue the vehicle. *Id.* ¶ 7. The pursuit ended in Virginia, where the vehicle with Korsah collided with another car unaffiliated with law enforcement. *Id.* ¶¶ 43, 48.

The Uniformed Division has established procedures governing "emergency and pursuit driving." *See* Decl. of David Garrett Ex. 3 ("Secret Service Policy"), ECF No. 24-2. Under this policy, officers "are prohibited from pursuing vehicles for the sole purpose of effecting a traffic stop." *Id.* at 16.[1] They can only begin a vehicular pursuit to "effect the arrest or prevent the escape . . . of a person who has committed a felony or attempted to commit a felony in the member's presence." *Id.* Even then, officers must "exercise good judgment in weighing the benefits of emergency and pursuit driving against the risks involved." *Id.* The policy identifies six factors for officers to consider in deciding whether to start a vehicular pursuit. *Id.* at 16–17.

Korsah sues the United States under the FTCA, 28 U.S.C. § 2671 *et seq*. He raises one count of negligence against Officer Wood-Thomas, alleging that the "pursuit constituted a wanton, willful, and reckless disregard for the safety of [Korsah] and other citizens on the route of the pursuit." Am. Compl. ¶ 47.

The Government moves to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). It argues that Officer Wood-Thomas's decision to pursue the vehicle constitutes a discretionary act that exempts the United States from suit under the FTCA. *See* Mem. of Law in Supp. Def.'s Renewed Mot. Dismiss ("Def.'s Mem.") at 6, ECF No. 24-1. The motion is ripe for disposition.

## II.

To survive a motion to dismiss under Rule 12(b)(1), a plaintiff must establish that the Court has jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Courts must "treat the complaint's factual allegations as true . . . and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged." *Sparrow*

---

[1] All page citations refer to the pagination generated by this Court's CM/ECF system.

*v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000). In considering the motion, courts can "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts . . . plus the court's resolution of disputed facts." *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) (cleaned up).

### III.

The FTCA "remove[s] the sovereign immunity of the United States from suits in tort" and "render[s] the Government liable in tort as a private individual would be under like circumstances." *See Richards v. United States*, 369 U.S. 1, 6 (1962). But not all suits are permissible. The FTCA includes a "discretionary function" exception. This exception preserves sovereign immunity for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). "[T]he purpose of the exception is to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *United States v. Gaubert*, 499 U.S. 315, 323 (1991) (cleaned up).

Courts conduct a two-step inquiry to determine whether the discretionary function exception applies. First, they ask whether "the challenged conduct involves an element of judgment or choice." *Loumiet v. United States*, 828 F.3d 935, 941 (D.C. Cir. 2016) (cleaned up). If it does, courts then decide whether the "judgment is of the kind that the discretionary function exception was designed to shield." *Id.* at 942 (cleaned up).

The Government raises the discretionary function exception here. It contends that the Uniformed Division's pursuit policy vests officers "with significant discretion in choosing when, how, and to what extent to commence, continue, and terminate the pursuit of fleeing vehicles." Def.'s Mem. at 15. And it argues that Officer Wood-Thomas's decision "necessarily involved

3

balancing competing public policy considerations, such as the enforcement of the law on the one hand and the safety of citizens on the other."[2] *Id.* at 18.

The Government puts the cart before the horse. True, the policy dictates that officers "exercise good judgment in weighing the benefits of emergency and pursuit driving against the risks involved." Secret Service Policy at 16; *see also* Pl.'s Opp'n at 3 ("Admittedly, the Secret Service's Uniformed Division handbook indicates that officers must exercise judgment and discretion in executing their tasks."). But such discretion does not apply unless the pursuit policy pertains. Put another way, officers cannot exercise *any* discretion until they determine that the person "has committed a felony or attempted to commit a felony in the member's presence." Secret Service Policy at 16.

The Court raised this threshold felony requirement when it denied the Government's first motion to dismiss. *See* Order at 1–2, ECF No. 22 ("[N]either party addresses the apparent requirement in the Secret Service Policy that vehicular pursuits can only be initiated for those who have committed a felony or attempted to commit a felony."). The Court asked the parties to "address this requirement in their new briefing, including what felony would be at issue here." *Id.* at 2.

The Government relies on D.C. Code § 50-2201.05b, "Fleeing from a law enforcement officer in a motor vehicle." Def.'s Mem. at 14–15. This law authorizes up to a five-year prison sentence for a driver who "knowingly . . . attempts to elude a law enforcement officer, following

---

[2] Korsah contends that "it is well settled precedent that an officer's decision to engage in and conduct a car chase is 'ministerial' for the purposes of the FTCA." Mem. in Supp. Pl.'s Opp'n ("Pl.'s Opp'n") at 3, ECF No. 25-1 (citing *Biscoe v. Arlington Cnty.*, 738 F.2d 1352, 1362 (D.C. Cir. 1984)). The Government disputes the applicability of *Biscoe* here. *See* Reply in Further Supp. Def.'s Renewed Mot. Dismiss at 6, ECF No. 28 (arguing that *Biscoe*'s holding "has no bearing on whether the FTCA's discretionary function exception—a federal statute—is applicable in this case."). The Court, however, need not resolve this question yet.

a law enforcement officer's signal to bring the motor vehicle to a stop" and does so "in a manner that would constitute reckless driving."[3] D.C. Code § 50-2201.05b(b)(1)–(2). The felony requirement therefore ends up being a rather low bar: almost anyone who does not pull over likely commits a felony. The Government argues that "there is no question that Officer Wood-Thomas signaled [the driver] to bring his vehicle to a stop, but the driver attempted to elude Officer Wood-Thomas and did so while driving recklessly."[4] Def.'s Mem. at 14–15.

But there is conflicting evidence in the record. Korsah attests that "[a]t all times *prior* to Secret Service Agent Wood-Thomas commencing a pursuit of the vehicle," the vehicle traveled "at a normal rate of speed and had not committed any moving violations." Aff. of Jonathan Korsah ¶ 3, ECF No. 27 (emphasis added). He claims that the driver "committed no moving violations until *after* the pursuit by the agent began." *Id.* ¶ 4 (emphasis added). And he says that "[p]rior to the agent initiating a pursuit of the vehicle, neither [the driver] nor [he] committed any criminal acts." *Id.* ¶ 5. Under Korsah's account, Officer Wood-Thomas initiated his pursuit before the "driver attempted to elude Officer Wood-Thomas and did so while driving recklessly." Def.'s Mem. at 15.

However unlikely this account may be, the Court must credit it at this stage. If Korsah is correct, there was no felony to allow Officer Wood-Thomas to pursue the vehicle. So any discretion under the pursuit policy would be immaterial because officers cannot pursue "vehicles

---

[3] The Government also cites a similar statute under Virginia law—where part of the pursuit and the collision happened. *See* Def.'s Mem. at 15 (discussing Va. Code § 46.2-817(B)).

[4] The Government says that Korsah "has not alleged that the Policy is inapplicable to the vehicular pursuit in this case." Def.'s Mem. at 14. Even if true, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

for the sole purpose of effecting a traffic stop." Secret Service Policy at 16. There is thus a factual dispute about whether the pursuit policy applies.

The Court recognizes that it generally "must address the merits of the jurisdictional claim by resolving the factual disputes between the parties." *Flores ex rel. J.F. v. District of Columbia*, 437 F. Supp. 2d 22, 29 (D.D.C. 2006). But there are exceptions. The Court need not immediately decide disputed jurisdictional facts "if they are inextricably intertwined with the merits of the case." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 198 (D.C. Cir. 1992). The rule "ensures that, where jurisdictional defenses and the merits of a dispute overlap, the jurisdictional defense is not used—in the absence of special considerations—to short-circuit the factual development and adjudicative process to which a plaintiff is generally entitled." *Am. Oversight v. U.S. Dep't of Veteran Affs.*, 498 F. Supp. 3d 145, 153 (D.D.C. 2020).

This exception applies here. Whether Officer Wood-Thomas could pursue the vehicle is intertwined with the Court's jurisdiction—the applicability of the pursuit policy and the discretionary function exception—and the merits of the claim that Officer Wood-Thomas was negligent in his pursuit. "To hold otherwise would, in effect, transform virtually every FTCA merits dispute into a threshold jurisdictional contest." *Hale v. United States*, No. CV 13-1390 (RDM), 2015 WL 7760161, at *6 (D.D.C. Dec. 2, 2015).

## IV.

For these reasons, it is hereby

**ORDERED** that Defendant's [24] Motion to Dismiss is DENIED; and it is also

**ORDERED** that Defendant shall answer Plaintiff's [10] Amended Complaint by July 9, 2021.

**SO ORDERED**.

Dated: June 25, 2021                                              TREVOR N. McFADDEN, U.S.D.J.